UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM GERARD WALLACE,

    Petitioner,

v.                                           Case No. 4:18cv453-RH-HTC

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF Doc. 26, the Respondent's ("State") motion to dismiss William Gerard Wallace's ("Wallace") petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon careful consideration, the undersigned respectfully recommends the motion to dismiss the petition be GRANTED and the petition DISMISSED without an evidentiary hearing. The petition is untimely, is a successive petition and Wallace is not in custody under the sentence he seeks to vacate.

I. BACKGROUND

    A. **Wallace's Convictions**

Wallace filed the instant petition on September 26, 2018. ECF Doc. 1. In the petition, Wallace identifies the judgment of conviction he is challenging as case number **86-2448**, and the date of judgment and sentencing as April 14, 1987. *See id*. Wallace was charged with, and plead no contest to, grand theft in 86-2448. Although Wallace states in his petition as well as in his reply to the State's response that he is "challenging his conviction and sentence on case number 86-2448," ECF Doc. 28 at 3, he states in the memorandum supporting his petition that, because his conviction for 86-2248 was used to enhance his sentence in **98-3591**, which he is still serving, "the instant petition effectively attacks Wallace's unlawful incarceration in case number 98-3591." ECF Doc. 2 at 4, n. 1. As will be addressed further below, the underlying conviction he seeks to attack is important to a determination of whether this is a successive petition.

In addition to 86-2248 and 98-3591, Wallace was also charged with, and convicted of, offenses in two other separate cases: **87-712** and **89-915**. The interplay among these four cases, particularly the sentencing he received, is important to the analysis of Wallace's petition and, thus, a brief discussion of Wallace's other convictions is necessary.

After Wallace was charged with grand theft in 86-2248, but before he was sentenced, Wallace found himself facing a separate charge of grand theft auto, for

Case No. 4:18cv453-RH-HTC

stealing a car from New York and driving it to Florida, where he was arrested. The case number for that separate charge was case, 87-712. On April 14, 1987, Wallace entered a plea of no contest to both theft charges (86-2248 and 87-712) and was sentenced to two years of probation, with a special condition that he serve 6 months in jail.[1]  ECF 26-3 at 94. While on probation for those charges, Wallace was charged with, and plead no contest to, three counts of robbery in case 89-815. ECF Doc. 26-3 at 72-73. Because of the two prior convictions, on October 11, 1989, Wallace was sentenced in 89-915 as a Habitual Felony Offender ("HFO") to three concurrent 10-year terms. *See id.* Within three years of being released from his confinement in 89-915, Wallace was charged with, and pled no contest to, armed robbery with a firearm and resisting officer without violence. *See id.* The robbery offense was case 98-3591. On August 21, 2000, Wallace was sentenced as a Prison Releasee Reoffender ("PRR") to life imprisonment for the armed robbery and to one year for the resisting officer count, both sentences to be served concurrently. *See id.* Wallace is still serving that sentence.

      Wallace has filed no less than 17 post-judgment motions, petitions and appeals, attacking his judgments and sentences in the above four cases. He has also

---

[1] Wallace filed an unopposed motion to mitigate seeking to reduce his 6-month jail sentence to time served, which was granted. ECF Doc. 26-3 at 95-97.

filed a petition for habeas relief in case 87-712[2] and two in 98-3591, which will be discussed more below in Section II.A.  In his multiple post-conviction motions and petitions, Wallace attacks the jurisdiction of the trial court to enter a judgment against him in 87-712, the sequence of his sentencing in 86-2448 and 87-712 and the use of those convictions to enhance his sentence in 98-3591 – arguments similar to the ones he raises in this instant petition.  Wallace's multiple filings resulted in three orders from the state court prohibiting him from filing additional post-conviction motions without representation, on the same issues, before the Second Judicial Circuit, which were appealed and affirmed by the First District Court of Appeal.  *See* ECF Docs. 26-3 at 75 (precluding Wallace from "filing any future actions to contest the legality of his habitual offender sentence in the Second Judicial Circuit"); 26-4 at 24-26 (prohibiting Wallace "from filing further motions in this Court related to these same issues on his own behalf without representation of counsel"); 26-5 at 4 (directing clerk to "accept no further pro se pleading in this case").[3]

---

[2] Wallace filed a petition for habeas relief as to his judgment in 87-712 on August 1, 2017.  *See Wallace v. Secretary, Fla. Dept. of Corr.*, 4:16-cv-484-WS/CAS.  That petition was dismissed on August 28, 2017, as untimely.  ECF Doc. 26-5 at 106-109.

[3] Wallace was represented by private counsel, the Harper Law Firm, when he filed his initial post-judgment motion in July 2003.  That representation appears to have ended sometime in 2004.  *See Wallace v. McNeil*, Case No.: 4:08-cv-00365-SPM-WCS (dismissing Wallace's § 2254 petition, attacking his judgment in 98-3591 as untimely and rejecting equitable tolling argument based on issues with counsel).

Case No. 4:18cv453-RH-HTC

## B. Factual Basis of Wallace's Judgment of Conviction in 86-2448

Wallace took his car to Tallahassee Ford for minor repairs. ECF Doc. 2 at 7. Wallace did not pay for the repairs and drove away with the car. Wallace claims when he called to see if his car was ready, the service manager quoted "an outrageously higher price" than what Wallace was told the repairs would cost. *Id.* Wallace alleges that when he arrived at the garage, he had a receipt from previous repairs of the same nature to use to explain that "there's a warranty and a deductible on repairs." *Id.* However, according to Wallace, when the mechanic saw the receipt, he assumed that Wallace had paid the bill, and told Wallace to wait outside the garage while he brought Wallace his car. *Id.* The mechanic never asked any questions. *Id.* Wallace also did not tell the mechanic he had not paid for the repairs. Nonetheless, Wallace argues, he never "took" anything; the mechanic simply gave Wallace his vehicle back to him. *Id.* at 8.

Subsequently, a Leon County Sheriff's Deputy submitted an affidavit of probable cause that Wallace had committed grand theft in violation of Fla. Stat. § 812.014 based on the above events. The affidavit stated as follows:

> On 13 June 1986, William G. Wallace went into Tallahassee Ford to pick up his vehicle. Mr. Wallace had his vehicle in their shop for repairs. Mr. Wallace, at that time rented a vehicle from Tallahassee Ford until his was repaired. When Wallace returned on 13 June 1986 he told the chop nam [sic] he had paid the repair bill and the rental bill and would they please bring his car around as he was in a hurry. Wallace got his car and left without paying his repair bill or his rental bill. Total amount owed is $510.67. All attempts to contact Wallace has [sic] been unsuccessful.

ECF Doc. 2 at 20 (Appendix C).

## II. Analysis

Wallace's § 2254 petition is premised on one ground – that he is actually innocent of the theft. Specifically, Wallace contends he could not have been guilty of grand theft because "there is nothing whatsoever in the record from which it can be reasonable concluded that the petitioner had any criminal intent by the mechanic returning his car back to him." ECF Doc. 2 at 8. Wallace does not point to any newly discovered evidence, but instead, argues that there was no testimony from a material witness to support his guilt. ECF Doc. 2 at 9. Wallace also argues the state court lacked subject matter jurisdiction because the dispute was a contractual dispute between him and Tallahassee Ford and not a crime. ECF Doc. 2 at 8.

Wallace relies on the actual-innocence exception to circumvent any procedural barriers to his petition. The undersigned finds that the exception does not apply. Additionally, although Wallace does not appear to dispute that his petition is untimely or that it is a successive petition, to avoid any doubt, the undersigned will also briefly address both points.

### A.   **The Petition is Untimely Filed**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review," (unless one of the later dates enumerated in the statute applies – which they do not here).[4] *Id.* § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" postconviction motion is pending in state court. *Id.* § 2244(d)(2).

For prisoners like Wallace, whose convictions became final prior to the effective date of the amendment creating the time limit for the filing of petitions, the period runs from the amendment's effective date of April 24, 1996. *See Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). That is, prisoners whose convictions became final prior to April 24, 1996, had until April 23, 1997, to file a petition for writ of habeas corpus, unless a properly filed state postconviction motion was pending during that time.

To the extent Wallace's petition seeks to vacate his sentence in 86-2448, the petition is time-barred. That judgment was entered on April 14, 1987, and because there was no direct appeal, became final well before the effective date of the AEDPA amendment. 28 U.S.C. § 2244(d)(1)(A) (limitation period begins running on "the

---

[4] The later commencement dates are: (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

Case No. 4:18cv453-RH-HTC

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Therefore, Wallace had until April 23, 1997, to file a petition for writ of habeas corpus in this Court, unless he had a state postconviction motion pending for some or all the time between the effective date of the AEDPA and April 23, 1997. He did not.

Wallace filed a "Motion to Correct Illegal Sentence and Incorporated Memorandum of Law, which was filed on or about July 17, 2003. ECF Doc. 26-1 at 38-46.[5] Because Wallace filed that motion *after* his 1-year time limit had already expired, that motion does not toll the time to file his petition. *See Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000). The record is devoid of any post-judgment motion relating to 86-2248 that was filed prior to the expiration of the one-year limitation period. Thus, Wallace's one-year limitation under the AEDPA to file this § 2254 motion expired on April 23, 1997, making the instant petition time-barred.

Similarly, to the extent Wallace seeks to vacate the sentence in case number 98-3591, it is still time-barred. ECF Doc. 2 at 4 n. 1. The judgment in 98-3591, was entered on August 21, 2000. No direct appeal was taken and the judgment became final November 19, 2001, when the 90 days for filing a petition for writ of certiorari

---

[5] Wallace alleges in his petition that the post-judgment motion was filed on February 10, 2004, but the State has attached a copy of the motion as an Exhibit to its response, and the motion was signed by Wallace's counsel on July 17, 2003. ECF Doc. 1 at 4; ECF Doc. 26-1 at 38-46. Wallace's date of February 10, 2004, appears to be the service date for Wallace's second amended motion to correct illegal sentence and incorporated memorandum of law. ECF Doc. 26-2 at 33-42. The motion was denied on March 22, 2004. ECF Doc. 2602 at 171-74.

expired. *See Wallace v. McCollum*, 4:07-cv-00313-RH-WCS, ECF Doc. 8. Thus, the one-year limitation period for Wallace to file a § 2254 motion as to case 98-3591 expired on November 19, 2002. *See id.* As with case 86-2248, Wallace did not file any post-judgment motions in 98-3591 until *after* his one-year period under the AEDPA had expired. *See id.* Indeed, in *Wallace v. McNeil*, Case No.: 4:08-cv-00365-SPM-WCS, the Court dismissed Wallace's § 2254 petition seeking to vacate the sentence in 98-3591 as time-barred.[6]

The one-year limitation period may be equitably tolled, but "only if a petitioner establishes both extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). In Wallace's reply to the State's response, Wallace states, in conclusory and vague fashion, that "[t]hru 'due diligence' and numerous motion's (sic) attacking several case number's (sic) did the petitioner discovery that his 1989 grand is illegal due to unconstitutional flaws." ECF Doc. 28 at 3. To the extent Wallace is seeking equitable tolling, however, the undersigned finds that it is unavailable.

Wallace has not met his burden of showing specific facts or evidence to support his claim of due diligence. *See Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("equitable tolling is an extraordinary remedy which is typically applied sparingly"). Indeed, the argument he raises, i.e., that he is actually innocent, is

---

[6] Wallace also filed a petition for habeas relief in 2007 as to 98-3591, but he voluntarily dismissed that petition prior to screening. ECF Doc. 7-8 in *Wallace v. McCollum*, 4:07-cv-313.

Case No. 4:18cv453-RH-HTC

something that should have been known to him. Moreover, Wallace states that he spent 60 days in jail and then was "extradited" to New York – however, he had until April 1997 – a period of almost 10 years – from his judgment to file his habeas petition.

B. **The Petition is a Second or Successive Habeas Petition**

To the extent "the instant petition effectively attacks Wallace's unlawful incarceration in case number 98-3591," the petition should be dismissed on the additional ground that it is a successive or second petition. ECF Doc. 2 at 4, n. 1. As stated above, Wallace previously filed a habeas petition contesting the judgment and sentence in 98-3591, *see* 4:08-cv-00365-SPM-WCS, which was dismissed as untimely.

To file a successive or second petition, Wallace must first have obtained an order from the Eleventh Circuit authorizing the filing of such a petition. ECF Doc. 26 at 12-13. Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or

successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain the petitioner's second § 2254 habeas petition contesting the same custody imposed by the same judgment of a state court, because the prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same). There is no dispute that Wallace has not sought such permission from the Eleventh Circuit.[7] Thus, his petition should be dismissed. *Burton*, 549 U.S. 147 at 152, 157.

    **C.**    **Wallace's Claims of Actual Innocence, Miscarriage of Justice**

Wallace alleges he is entitled to review of his claims despite the procedural bars discussed above under the actual innocence or miscarriage of justice exception. Under that exception, a court may consider a § 2254 petition that would otherwise be procedurally barred if refusing to consider the petition would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent to remain imprisoned. *See San Martin v. McNeil*, 663 F.3d 1257,

---

[7] The State also notes that Wallace sought such an order from the Eleventh Circuit and was denied, *See* ECF Doc. 25-5 at 126-28, Exhibit U (Order of Eleventh Circuit denying request to file successive petition). However, the order of the Eleventh Circuit indicates that Wallace based his argument in that request on the fact that adjudication was withheld on the conviction in 86-2448. That argument is not raised in the instant petition.

Case No. 4:18cv453-RH-HTC

1267-68 (11th Cir. 2011); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quoting *Sawyer v. Whitley*, 505 U.S. 333 (1992)).

To establish "actual innocence," Wallace must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Likewise, in order to satisfy the "miscarriage of justice" exception, Wallace must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 327.

Wallace has failed to meet either of these standards because, among other reasons, he has failed to provide any evidence—let alone new evidence—that would suggest his innocence. *See Rozzelle*, 672 F.3d at 1011. Wallace pled no contest to the charge in 86-2448. ECF Doc. 2 at 4. Wallace does not dispute he knew he was obligated to pay for the repairs, left Tallahassee Ford without paying for the repairs, never made any attempt to pay, ECF Doc. 2 at 7, and never returned to pay for the repairs. *Id.* at 20 (Appendix C). A juror could reasonably conclude that Wallace

was guilty of grand theft. Thus, this is not the "rare" case where the actual-innocence exception applies. *McQuiggan v. Perkins*, 599 U.S. 383, 386 (2013). Wallace has not shown that the alleged constitutional violation "probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327.

Wallace also argues the state court lacked subject matter jurisdiction to adjudge him guilty of a crime because his actions were, at most, a civil dispute over the terms of a contract. Wallace's argument is misplaced. First, to the extent Wallace contends that the state court's purported lack of jurisdiction supports his actual innocence argument, he is wrong. In fact, this argument was already rejected by Judge William Stafford when Judge Stafford dismissed Wallace's habeas petition as to his conviction in 87-712. *See Wallace,* 4:16-cv-484-WS-CAS, ECF Doc. 28 at 108 (ECF 26-5 at 105-108), citing *Jones v. Warden*, 683 F. App'x 799, 801 (11th Cir. 2017) (finding that "a petitioner's argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner"). Indeed, Judge Stafford held that Wallace "could not circumvent the one-year limitations period by now challenging his 1987 criminal conviction on jurisdiction grounds." *See id.* at 106 (Wallace argued the state court did not have jurisdiction to enter a judgment against him in 87-712 because the car he stole was from New York). In reaching that determination, Judge Stafford discussed the litany of cases from the courts in this district reaching a similar conclusion. *See id.* at 107.

Case No. 4:18cv453-RH-HTC

Second, Florida law recognizes criminal theft can occur even in the presence of a contractual relationship. *Masvidal v. Ochoa*, 505 So.2d 555 (Fla. 3rd DCA 1987). To prove the crime of grand theft, the State simply needs to establish that the defendant had the requisite criminal intent "at the time of the taking." *Segal v. State*, 98 So.3d 739 (Fla. 4th DCA 2012) ("Even though a promise to perform in the future may serve as the basis of a theft, a necessary element of theft under Florida law is that the defendant must have the specific intent to commit the theft at the time of, or prior to, the commission of the act of taking.") (quoting *Stramaglia v. State*, 603 So.2d 536, 537-38 (Fla. 4th DCA 1992)). Here, the crime alleged in the indictment is cognizable under Florida law and the theft occurred in the jurisdiction of the state court. The State alleged that at the time of the taking – when Wallace drove off with his car without paying for the repairs – he had the intent to not pay for them. That is, he knew he had not paid, he left without paying, he did not ever attempt to pay or negotiate the amount and attempts to contact him failed. ECF Doc. 2 at 7; ECF Doc. 2 at 20 (Appendix C). Thus, the State alleged a crime that is cognizable under Florida law. Regardless, any lack of subject matter jurisdiction does not make his petition timely. *See Williams*, 341 U.S. at 66.

### D. <u>Wallace is No Longer In Custody on Case Number 86-2448</u>

Finally, the petition should also be dismissed because Wallace is no longer considered in custody under the conviction in 86-2448 and cannot challenge its constitutionality. ECF Doc. 26 at 16-17. District courts have jurisdiction to entertain

Case No. 4:18cv453-RH-HTC

§ 2254 habeas petitions only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000).  When a prisoner's sentence has fully expired, he is not "in custody" as required by § 2254, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crimes is not enough to render him "in custody."  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

The Supreme Court has acknowledged, however, that when a § 2254 petition could be read as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction.  *Id.* at 493-94; *see also Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001) (petitioner found to be "in custody" for § 2254 purposes because he challenged an allegedly invalid expired conviction and sentence as enhancing his current state sentence).  In that instance, the allegedly invalid prior conviction must still be subject to collateral attack.  In other words, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."  *Lackawanna*, 532 U.S. at 403-04 (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)).  "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence

through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 404.

Here, Wallace admits that the sentence in 86-2448 has fully expired. ECF Doc. 2 at 4 n. 1. Therefore, Wallace is not "in custody" pursuant to that judgment. *See Maleng*, 490 U.S. at 490-492 (a habeas petitioner is not "in custody" under a conviction after the sentence has fully expired). Additionally, because the judgment in 86-2448 cannot be collaterally attacked; Wallace cannot attack it as an enhancer to his current sentence under 98-351. The conviction is conclusively valid and may not be challenged in the instant action. *See Lackawanna*, 532 U.S. at 404.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is

also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### III.   Conclusion

Accordingly, it is respectfully RECOMMENDED:

1. That the State's motion to dismiss, ECF Doc. 26, be GRANTED.

2. That this action be DISMISSED with prejudice.

3. That a certificate of appealability be denied.

4. That the clerk be directed to close the file

At Pensacola, Florida, this 24th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.